UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BAUGHMAN, et al.,<br><br>Defendants. | No. 2:23-cv-2790 DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and dismisses the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §
4  1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

////

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.     Analysis**

**A.  Plaintiff's Allegations**

Plaintiff is incarcerated at California State Prison, Los Angeles. He complains of conduct that occurred between 2017 and early 2019 when he was incarcerated at California State Prison, Sacramento ("CSP-Sac"). (ECF No. 1.) Plaintiff states that the U.S. Postal Service delivered a publication he ordered to CSP-Sac on December 7, 2017. When plaintiff did not receive that mail, he filed a grievance. Thereafter, the defendants, correctional officers and prison authorities, who responded to and reviewed the grievance falsely stated that plaintiff had received the mail later in December 2017. Plaintiff contends those falsifications resulted in an inability to have his grievance appealed to higher levels of review. As best this court can discern, the most recent conduct plaintiff complains of occurred in February 2019. (Id. at 8.)

**B.  Plaintiff's Claims appear to be Untimely**

**1. Legal Standards for Statute of Limitations**

For actions under 42 U.S.C. § 1983, this court applies California's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable

3

1  tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas,
2  393 F.3d 918, 927 (9th Cir. 2004); see also Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir.
3  2002). In California, the statute of limitations for personal injury actions is two years. See Cal.
4  Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).

5      This limitations period is statutorily tolled for a period of two years for a person who is, "at
6  the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the
7  sentence of a criminal court for a term less than for life." See Cal. Code Civ. Proc. § 352.1(a);
8  Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000). A prisoner under a life
9  sentence without the possibility of parole is not entitled to this two-year statutory tolling. See
10 Brooks v. Mercy Hosp., 1 Cal. App. 5th 1 (2016) (holding that prisoners under sentence of life
11 with the possibility of parole are entitled to the benefit of the tolling provision).

12     Also in California, "the applicable statute of limitations must be tolled while a prisoner
13 completes the mandatory [administrative] exhaustion process." Brown v. Valoff, 422 F.3d 926,
14 943 (9th Cir. 2005). Because administrative exhaustion is statutorily required of prisoner civil
15 rights complaints under the Prison Litigation Reform Act (PLRA), see 42 U.S.C. § 1997e(a), this
16 requirement provides a federal statutory basis to invoke the state's equitable tolling. See, e.g.,
17 Johnson v. Rivera, 272 F.3d 519 (7th Cir. 2001)

18     Additionally, "[u]nder California law, a plaintiff must meet three conditions to equitably toll a
19 statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must
20 not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's
21 conduct must have been reasonable and in good faith." Fink v. Shedler, 192 F.3d 911, 916 (9th
22 Cir. 1999) (citation omitted); see also Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)
23 ("This court has applied equitable tolling in carefully considered situations to prevent the unjust
24 technical forfeiture of causes of action, where the defendant would suffer no prejudice."); but see
25 Diggs v. Williams, No. CIV S-05-1168 DFL GGH P, 2006 WL 1627887, at *3 (E.D. Cal. June 8,
26 2006) ("California courts have declined to find equitable tolling in cases where the plaintiff's own
27 conduct delayed the prosecution of his previous action."), rep. and reco. adopted, 2006 WL
28 2527949 (E.D. Cal. Aug. 31, 2006).

"Although state law determines the length of the limitations period, 'federal law determines when a civil rights claim accrues.'" Azer, 306 F.3d at 936 (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

### 2. Discussion

While plaintiff's complaint is somewhat difficult to decipher, it appears that he is complaining both about not receiving the publication he ordered and about untruthfulness by prison staff and authorities which caused him to be unable to pursue the appeals of his grievance. The most recent incident plaintiff identifies occurred on February 17, 2019 when defendant Jones granted plaintiff's appeal by stating that plaintiff had, in fact, received his mail. (ECF No. 1 at 8.)

Under the "mailbox rule," the court considers the date a prisoner turns over his filing to prison authorities for mailing as the filing date. See Houston v. Lack, 487 U.S. 266, 270 (1988). Plaintiff filed this action on November 27, 2023 when, according to the Proof of Service, he provided his complaint to prison authorities for mailing. (ECF No. 1 at 14.)

As best this court can tell, the last act plaintiff complains of occurred more than four years before he filed this action. Because that act was the review of a prison appeal, it is not clear whether plaintiff also filed a grievance about Jones' actions, which may have tolled the statute of limitations. Plaintiff will be given the opportunity to show why this action should not be dismissed because it was filed beyond the statute of limitations.

### III.   Conclusion

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Within thirty days, plaintiff shall file a response to this order regarding the application of the statute of limitations.

Dated:  March 4, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/
DB prisoner inbox/civil rights/S/good2790.scrn sl osc