UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID BAUGHMAN, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-2790 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's complaint for screening. For the reasons set forth below, this court recommends the complaint be dismissed without leave to amend.

**BACKGROUND**

Plaintiff filed this action in December 2023. On March 5, 2024, this court granted plaintiff's motion to proceed in forma pauperis and, on screening the complaint, found that this action may be untimely. This court ordered plaintiff to address the question of the statute of limitations. (ECF No. 7.) In his May 16 response, plaintiff alleges facts that appear to demonstrate he has complied with the statute of limitations. Accordingly, this court will screen plaintiff's complaint on the merits.

////

////

**SCREENING**

**I.   Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

. . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II.     Analysis

### A.  Plaintiff's Allegations

Plaintiff is incarcerated at California State Prison, Los Angeles.  He complains of conduct that occurred between 2017 and 2019 when he was incarcerated at California State Prison, Sacramento ("CSP-Sac") and at Salinas Valley State Prison ("SVSP").  (ECF No. 1.)  Plaintiff identifies ten defendants:  (1) Warden David Baughman; (2) Appeals Coordinator C. Lacy; (3) Sargent B. Scruggs; (4) Associate Warden J. Peterson; (5) Assistant Warden F. Leckie; (6) Lieutenant B. Jones; (7) Correctional Office ("CO") T.R. Reamer; (8) CO C. Martella; (9) CO V. Lomeli; and (10) CO R. Largent.

Plaintiff's allegations are somewhat difficult to decipher and are not consistently in chronological order.  As best this court can discern, plaintiff is alleging the following.  The U.S. Postal Service delivered a publication for plaintiff to CSP-Sac on December 7, 2017.  When plaintiff did not receive that mail, he filed a grievance.  On February 12, 2018, in response to plaintiff's grievance, defendant Scruggs falsely stated that plaintiff had been provided the mail on December 24 and December 17, 2017.  (ECF No. 1 at 6.)  Plaintiff states that he was given some mail on those dates but was not given the publication received by the prison on December 7.  On February 15, 2018, in reviewing the grievance, defendant Leckie stated that the appeal was granted and that plaintiff's mail had been given to him.  It had not.  On April 20, 2018, defendant Lacy falsely stated the same.  (Id. at 8.)

After plaintiff was transferred to SVSP in January 2018, defendant Reamer recorded that a package of books was delivered there.  Reamer then returned the property to CSP-Sac, writing "Not allowed book from other inmates no vendor name on pkg. or on invoice for books."  (ECF No. 1 at 9.)

Plaintiff submitted another grievance on April 26, 2018 regarding the continuing failure to deliver the publication to him.  Plaintiff then appears to contend that his appeal, and several others he filed thereafter, were denied or canceled to "obscure the initial issue from ever being address and resolved!"  (ECF No. 1 at 9.)  According to plaintiff, defendant Martella forwarded the appeal to CSP-Sac to "protect and conspire with defendant Reamer."  Defendant Lacy required plaintiff to rewrite the appeal, which plaintiff did, only to be told that the issue had been resolved.  (Id. at 10.)  Appeals Coordinator Lomeli told plaintiff to stop submitting appeals on the issue.

Defendant Baughman did not respond to an appeal until February 12, 2019.  Plaintiff does not explain what Baughman determined.  On February 17, 2019, apparently at the next level of review, defendant Jones "fraudulently" granted the appeal, stating that plaintiff had received the mail.  (ECF No. 1 at 8.)  Plaintiff "exhausted" his administrative remedies on December 16, 2019.  (Id. at 6.)  Plaintiff does not explain in his complaint just what action was taken at that time.  Plaintiff alleges all defendants schemed to create a process through which plaintiff's grievance would never be resolved.  Plaintiff concludes that he has never been provided the publication delivered to CSP-Sac on December 7, 2017.

**B. Does Plaintiff State Claims for Relief?**

Plaintiff states that he is asserting claims for interference with his mail and for abuse of the appeals process.

**1. Interference with Mail**

With respect to incoming prisoner mail, prison officials have a responsibility to forward mail to inmates promptly.  See Penton v. Johnson, No. 22-15665, 2023 WL 7121407, at *2 (9th Cir. Oct. 30, 2023) (citing Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975)).  Allegations that mail delivery was delayed for an inordinate amount of time and allegations of a pattern of

4

interference with mail are sufficient to state a claim for violation of the First Amendment. See Penton, 2023 WL 7121407, at *2 (citing Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996)); Calihan v. Adams, No. 1:09-cv-1373 MJS (PC), 2011 WL 284467, at *3 (E.D. Cal. Jan. 26, 2011) (ongoing delays of between 21 and 35 days in receiving incoming mail sufficiently long to substantially burden plaintiff's First Amendment rights and chill his exercise of free speech). Any practice or regulation that unduly delays an inmate's incoming mail must be reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987).

Courts have also afforded greater protection to legal mail than non-legal mail. See Hayes v. Idaho Corr. Ctr., 849 F.3d 1204 (9th Cir. 2017). Further, isolated incidents of mail interference will not support a claim under §1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2nd Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of access to the courts or counsel in order to rise to the level of a constitutional violation. See Gardner, 109 F.3d at 431; Smith, 899 F.2d at 944.

Plaintiff's attempts to obtain the publication delivered on December 7, 2017 have been understandably frustrating. However, plaintiff fails to show they rise to the level of a constitutional violation. Plaintiff's allegations involve one incident of the deprivation of his non-legal mail. Plaintiff does not allege specific facts showing defendants had an improper motive in failing to turn over that mail. Plaintiff's allegations are essentially that he has been deprived of his property. Claims regarding deprivation of plaintiff's personal property are state law claims that are not cognizable in §1983 because plaintiff has an adequate post-deprivation remedy under state law. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).

Plaintiff has not stated any plausible claims for a violation of his First Amendment rights.

**2. Grievance Process**

Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also, e.g., Wright v. Shannon, No. 1:05-cv-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. 1:09-cv-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights). Again, this court is sympathetic to the frustrations plaintiff experienced during the appeals process. However, defendants' alleged conduct does not amount to a claim of constitutional dimensions.

To the extent plaintiff is alleging defendants' conduct was a conspiracy, plaintiff is advised that allegations of a conspiracy do not, in themselves, state "a constitutional tort under §1983." A conspiracy "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (citations omitted). Here, plaintiff has not alleged a cognizable underlying constitutional violation.

Plaintiff's allegations regarding the grievance process do not state a claim under §1983.

**CONCLUSION**

Above, this court finds plaintiff fails to state any plausible claims for relief under §1983. Therefore, his complaint should be dismissed. The question is whether dismissal should be with, or without, leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint

could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

This court finds that, as set forth above, plaintiff's allegations against defendants cannot establish any plausible claims under §1983 as a matter of law and amendment would be futile. Because plaintiff has failed to allege facts that might show a violation of his constitutional rights, this action should be dismissed.

For the foregoing reasons, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that the complaint be dismissed without leave to amend for plaintiff's failure to state a claim for relief.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 4, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB prisoner inbox/civil rights/S/good2790.scrn fr