UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS, | No. 2:23-cv-02790-DJC-SCR P |
| Plaintiff, | |
| v. | ORDER |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff has filed a motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 24.) Under the Federal Rules of Civil Procedure, a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Although Rule 59 (e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.' " *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 6 James Wm. Moore, et al., *Moore's Federal Practice* § 54.78[1] (3d ed. 2000)). The Ninth Circuit has held a motion to alter or amend judgment under Rule 59(e) is "usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the

1

controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (citations omitted). The district court enjoys considerable discretion in granting or denying the motion to alter or amend judgment. *See id.* at 492 (citation omitted).

Plaintiff's Motion fails to identify an appropriate basis to alter or amend judgment under Rule 59. Plaintiff does not show any manifest errors of law or fact, provide newly discovered evidence, establish that the decision was manifestly unjust, or identify an intervening change in the controlling law. *Id.* at 491–92. Instead, Plaintiff argues that CDCR's institutional barriers to Plaintiff's access to the law library inhibit his ability to perform the necessary legal work to pursue a lawsuit. (ECF No. 24 at 1-2.) These arguments do not address any valid basis for amending or altering judgment. They also fail to address the underlying basis for the dismissal of this action based on Plaintiff's failure to state a plausible claim for relief under section 1983.

Accordingly, Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) (ECF No. 24) is DENIED.

IT IS SO ORDERED.

Dated:   **May 29, 2025**

/s/ Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – Goods23cv02790.alterjudgment